1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA

10    ROY L. LOWE, JR., a single man,

11                     Plaintiff,                    CASE NO. C09-5079RJB

12          v.

13    AETNA LIFE INSURANCE COMPANY,                  **ORDER ON DEFENDANT
                                                     AETNA' MOTION TO
14                     Defendant.                    DISMISS STATE LAW
                                                     CLAIMS AND CONFIRM
15                                                   NON-JURY TRIAL AND
                                                     PLAINTIFF'S MOTION FOR
16                                                   EXTENSION OF TIME**

17

18

19          This matter comes before the Court on Defendant Aetna Life Insurance Company's

20    ("Aetna") Motion to Dismiss State Law Claims and Confirm Non-Jury Trial, (Dkt. 10) and

21    Plaintiff's Motion and Declaration to Extend Time for Plaintiff's Response (Dkt. 14).  The Court

22    has considered the pleadings filed in support of and in opposition to the motion and the file herein.

23                  **I.    FACTUAL AND PROCEDURAL BACKGROUND**

24    **A.     FACTS**

25          On February 12, 2009, Aetna removed this case from Pierce County, Washington,

26    Superior Court, alleging that the life insurance policy at issue was covered by the Employee

27    Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq.*  Dkt. 1.

28

1  Plaintiff's Complaint alleges that, as an employee benefit through his employer, he maintained a

2  policy of insurance on the life of his wife. Dkt. 1-2, at 5. Plaintiff acknowledges that "[t]he

3  insurance policy at issue, being an employee benefit, is governed under federal law by ERISA."

4  *Id*. Plaintiff alleges that the "policy of insurance issued by Defendant provided . . . a 'double

5  indemnity' provision, which in the case of Plaintiff provided an additional death benefit of

6  $100,000.00 if the death of his wife occurred through accident." *Id*. Plaintiff alleges Defendant

7  remitted the face amount of the policy, but failed to pay the accidental death benefit. *Id.,* at 6.

8  Plaintiff claims that he is "entitled to payment of the accidental death benefit in the sum of

9  $100,000.00," makes a state law "demand for settlement in accordance with RCW 48.30.015,"

10  and seeks damages. *Id.*, at 6-8.

11      RCW 48.30.015 provides,

12      (1) Any first party claimant to a policy of insurance who is unreasonably denied a claim for coverage or payment of benefits by an insurer may bring an action in the
13      superior court of this state to recover the actual damages sustained, together with the costs of the action, including reasonable attorneys' fees and litigation costs, as
14      set forth in subsection (3) of this section.
        (2) The superior court may, after finding that an insurer has acted unreasonably in
15      denying a claim for coverage or payment of benefits or has violated a rule in subsection (5) of this section, increase the total award of damages to an amount
16      not to exceed three times the actual damages.
        (3) The superior court shall, after a finding of unreasonable denial of a claim for
17      coverage or payment of benefits, or after a finding of a violation of a rule in subsection (5) of this section, award reasonable attorneys' fees and actual and
18      statutory litigation costs, including expert witness fees, to the first party claimant of an insurance contract who is the prevailing party in such an action.
19      (4) "First party claimant" means an individual, corporation, association, partnership, or other legal entity asserting a right to payment as a covered person
20      under an insurance policy or insurance contract arising out of the occurrence of the contingency or loss covered by such a policy or contract.
21      (5) A violation of any of the following is a violation for the purposes of subsections (2) and (3) of this section:
22      (a) WAC 284-30-330, captioned "specific unfair claims settlement practices defined";
23      (b) WAC 284-30-350, captioned "misrepresentation of policy provisions";
        (c) WAC 284-30-360, captioned "failure to acknowledge pertinent
24      communications";
        (d) WAC 284-30-370, captioned "standards for prompt investigation of claims";
25      (e) WAC 284-30-380, captioned "standards for prompt, fair and equitable settlements applicable to all insurers"; or
26      (f) An unfair claims settlement practice rule adopted under RCW 48.30.010 by the insurance commissioner intending to implement this section. The rule must be
27      codified in chapter 284-30 of the Washington Administrative Code.
28      (6) This section does not limit a court's existing ability to make any other determination regarding

an action for an unfair or deceptive practice of an insurer or provide for any other remedy that is available at law.

(7) This section does not apply to a health plan offered by a health carrier. "Health plan" has the same meaning as in RCW 48.43.005. "Health carrier" has the same meaning as in RCW 48.43.005.

(8)(a) Twenty days prior to filing an action based on this section, a first party claimant must provide written notice of the basis for the cause of action to the insurer and office of the insurance commissioner. Notice may be provided by regular mail, registered mail, or certified mail with return receipt requested. Proof of notice by mail may be made in the same manner as prescribed by court rule or statute for proof of service by mail. The insurer and insurance commissioner are deemed to have received notice three business days after the notice is mailed.

(b) If the insurer fails to resolve the basis for the action within the twenty-day period after the written notice by the first party claimant, the first party claimant may bring the action without any further notice.

(c) The first party claimant may bring an action after the required period of time in (a) of this subsection has elapsed.

(d) If a written notice of claim is served under (a) of this subsection within the time prescribed for the filing of an action under this section, the statute of limitations for the action is tolled during the twenty-day period of time in (a) of this subsection.

## B.     PENDING MOTIONS

Aetna now moves for dismissal of Plaintiff's state law claims pursuant to Fed. R. Civ. P. 12(b)(6) arguing that ERISA preempts Plaintiff's state law claims. Dkt. 10. Aetna also seeks confirmation that the trial will be a non-jury trial and moves for attorneys fees and costs as a result of having to bring the motion. *Id.* Aetna's motion was noted for consideration on June 19, 2009.

On June 19, 2009, after Aetna filed its Reply, Plaintiff filed a Motion to Extend Time for his Response. Dkt. 14. Plaintiff then filed Response on June 24, 2009. Dkt. 16. Plaintiff argues that even though ERISA contains a broad preemption clause, it exempts from preemption State laws which "regulate" insurance, referred to as the "savings" clause, 28 U.S.C. § 1144(b)(2)(A). Dkt. 16. Plaintiff goes on to note that under ERISA's "deemer" clause, 28 U.S.C. § 1144(b)(2)(B):

Neither an employee benefit plan described in section 1003(a) of this title, which is not exempt under section 1003(b) of this title (other than a plan established primarily for the purpose of providing death benefits), nor any trust established under such a plan, shall be deemed to be an insurance company or other insurer, bank, trust company, or investment company or to be engaged in the business of insurance or banking for purposes of any law of any State purporting to regulate insurance companies, insurance contracts, banks, trust companies, or investment companies.

1   Accordingly, Plaintiff reasons, that as a "plan established primarily for the purpose of providing

2   death benefits" the here plan could be "deemed" to be an "insurance company" and accordingly,

3   the Court needs to determine whether the exception in 29 U.S.C. § 1144 (b)(2)(A) applies to his

4   state law claims under RCW 48.30.015, as laws which "regulate" insurance.  Dkt. 16.

5          Upon review of this matter, the Court notes that the Ninth Circuit Court of Appeals has

6   addressed whether certain state laws "regulate" insurance in considering questions of ERISA

7   preemption.  One such case is *Elliot v. Fortis Benefits Insurance Co.*, 337 F.3d 1138 (9th Cir.

8   2003).

9          Based upon Plaintiff's late filing of the Response, Defendant did not have an opportunity

10  to reply.

11                          **II.**     **DISCUSSION**

12         Under Fed. R. Civ. P. 6(b), the Court, for good cause, may grant an extension of time.  In

13  the interest of due process, Plaintiff's Motion and Declaration to Extend Time for Plaintiff's

14  Response (Dkt. 14) should be granted.  In an effort to reach the merits of this case, Plaintiff's

15  Response should be considered.  Due to the fact that Defendant timely filed its Reply, but did so

16  before any response was filed, it should be permitted, if it so chooses, to file an additional seven

17  page Reply, addressing the issues raised in Plaintiff's Response, on or before July 17, 2009.

18  Defendant's Motion to Dismiss State Law Claims and Confirm Non-Jury Trial (Dkt. 10) should

19  be renoted to July 17, 2009.

20                          **III.**   **ORDER**

21         Therefore, it is hereby, **ORDERED** that:

22  •     Plaintiff's Motion and Declaration to Extend Time for Plaintiff's Response (Dkt. 14) is

23        **GRANTED**,

24  •     Defendant's Motion to Dismiss State Law Claims and Confirm Non-Jury Trial (Dkt. 10) is

25        **RENOTED** to July 17, 2009; and

26  •     Defendant's supplemental reply, if any, **SHALL** be filed on or before July 17, 2009.

27         The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel

28

of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of July, 2009.

Robert J Bryan
United States District Judge